```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                      :
UNITED STATES OF AMERICA,                             :
                                                      :
                                                      :
                                                      :
            -v-                                       :       22 Cr. 557 (JPC)
                                                      :
RODNEY WAGGONER,                                      :          ORDER
                                                      :
                        Defendant.                    :
                                                      :
------------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

Defendant Rodney Waggoner's sentencing is currently scheduled for August 14, 2023 at 2:00 p.m.  After reviewing the parties' sentencing submissions, the Court believes that further briefing is necessary on correct application of the United States Sentencing Guidelines to Defendant and, in particular, whether his prior conviction for violating N.Y. Penal Law § 120.05(12) qualifies as a "crime of violence" under U.S.S.G. § 4B1.2(a), therefore rendering his base offense level 20 pursuant to U.S.S.G. § 2K2.1(a)(4)(A).  By August 25, 2023, the parties shall each submit letter briefs, of no longer than ten pages, addressing this issue and shall address the following topics, among others they see fit:

1. The Government relies on the Second Circuit's decision in *United States v. Tabb*, 949 F.3d 81 (2d Cir. 2020), to argue that "certainly second degree completed assault qualifies as well." Dkt. 33 at 3.  *Tabb*, however, concerned a different provision of N.Y. Penal Law § 120.05 than the one at issue in this case.  *Tabb* involved N.Y. Penal Law § 120.05(2), which involves the use "of a deadly weapon or a dangerous instrument."  Section 120.05(12), however, does not require the use of a deadly weapon or dangerous instrument, although it does require that the victim be "a person who is sixty-five years or older."  The parties should address how the analysis and rationales

in *Tabb* apply to N.Y. Penal Law § 120.05(12), including the significance of the differences between these two provisions of New York law.  In doing so, the parties are encouraged to also address such decisions as *United States v. Castleman*, 572 U.S. 157 (2014), *United States v. Scott*, 990 F.3d 94, 125 (2d Cir. 2021) (en banc), *Singh v. Barr*, 939 F.3d 457 (2d Cir. 2019), and *United States v. Walker*, 442 F.3d 787 (2d Cir. 2006).

2. The parties also cite the out-of-Circuit decisions in *United States v. Love*, 7 F.4th 674 (7th Cir. 2021) and *United States v. Lassend*, No. 10-40019-FDS, 2017 WL 2960518 (D. Mass. July 11, 2017).  The parties shall submit additional briefing discussing the statutes that were at issue in those cases and whether the analyses in those cases should apply here.

In light of the need for this additional briefing, Defendant's sentencing is adjourned to September 20, 2023 at 10:00 a.m.

SO ORDERED.

Dated: August 11, 2023
New York, New York

_____
JOHN P. CRONAN
United States District Judge